# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-114-MJR |
| | ) | |
| JAY MERCHANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Anthony Wheeler, an inmate of the Pinckneyville Correctional Center, bring this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009).

Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

## THE COMPLAINT[1]

On June 10, 2008, Wheeler was called out of line by Correctional Officer and Defendant Gregory A. James while walking to the law library at approximately 4:30 PM.  Subsequently, Wheeler was issued a  ticket for a Major Disciplinary Infraction under D.R.  504 Rule # 307, "Unauthorized Movement" and was taken to the Administrative Segregation Unit and put into Cell S-01-23.  Wheeler complained about the heat conditions in his cell, though his grievances were never addressed.  Wheeler alleges that the only responses he received were from correctional center staff members advising him to desist from filing further grievances.

On June 19, 2008, Wheeler asserts that Defendant Lieutenant Jason C. Bradley conducted

---

[1]For purposes of this review, the complaint consists of the original complaint (Doc. 1), the amended complaint (Doc. 5), the supplements to the amended complaint (Docs.7 and 8).

a search of the Plaintiff's cell, deliberately scattering much of Wheeler's legal materials onto the floor, confiscating a substantial portion.  Following the search, Wheeler was issued a ticket for a Major Disciplinary Infraction once again, this time by Lt. Bradley in violation of D.R. Rule #211 and #308, "Possession of Unauthorized Personal Information and Contraband or Unauthorized Property."  On June 18, 2008, Wheeler was found guilty of the those infractions as well as the prior "Unauthorized Movement" violation by the Adjustment Committee and was forced to remain in the heated cell for 14 more days.

Following his stay in segregation, Wheeler was transferred to Unit 5 for punitive segregation.  Wheeler contends that the cell he was transferred into, Cell R5-C-69, was "plagued with dirt, debris, and heavy roach, spiders, ants, and flying bug infestations."  Additionally, Wheeler alleges the mattress was torn and the walls, sink, and toilet were encrusted with feces, urine, and saliva from a previous inmate.  Grievances were filed regarding the poor conditions, yet Wheeler was never provided with the cleaning equipment he requested.  He repeatedly asked for sanitation supplies, to no avail.  Furthermore, the noise levels of the surrounding inmates were unbearable, causing the Plaintiff to sleep uncomfortably.

As a result of the poor living conditions of Cell R5-C-69, which he was forced to endure for a 90 day period, Wheeler states he developed chronic jock itch, athlete's foot, chaffing and peeling of the skin, and burning from a rash on his buttocks caused through contact with the cell's toilet.  Wheeler contends that his grievances were deliberately ignored by Defendants James, Bradley, Sutton, Fernandez, Crow, and Harman.  Wheeler contends that the treatment of his grievances and his placement into Unit 5 was done in retaliation of Wheeler's status as a "Jailhouse Lawyer."

3

<u>DISCUSSION</u>

Liberally construed, Wheeler's complaint asserts three claims..  First, Wheeler claims that his Fourteenth Amendment right to Due Process was violated when Defendants chose to deliberately ignore his complaints.  Second, Wheeler claims that the Defendants violated his Eighth Amendment right to not be subjected to cruel and unusual punishment by placing him in a hot and dirty cell.  Third, Wheeler claims that the Defendants retaliated against him by ignoring his grievances and subjecting him to the conditions of Unit 5 in order to prevent him from seeking further redress in the future.

**A.  Due Process Claim Concerning Grievances**

Assuming that the correctional center staff ignored Wheeler's grievances, this claim must be dismissed.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7ᵗʰ Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7ᵗʰ Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7ᵗʰ Cir. 1982).  Once an inmate has exhausted all institutional forms of redress, further actions can be taken to bring unresolved grievances before a court.  Merely ignoring grievances at the institutional level, however, is not a constitutional violation.  Therefore, Wheeler's Due Process claim does not survive review.

**B.  Cruel and Unusual Punishment Claim**

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment.  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the Eighth Amendment reaches beyond barbarous physical

punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Eighth Amendment also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *See Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society."  *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes,* 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th  Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In the present case, Wheeler's allegations that the conditions of Unit 5 were unsanitary appear to satisfy the objective component of the Eighth Amendment test.  Severe insect infestation and the presence of feces and other bodily fluids within the cell definitely "exceed contemporary bounds of decency." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124.  In conditions of confinement cases, the relevant state of mind is "deliberate indifference" to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  "Deliberate indifference" requires Plaintiff to prove that the Defendants both knew about and actively disregarded an excessive risk to inmate health or safety.  *Farmer*, 511 U.S. at 837.  However, whether a prison official has the requisite knowledge

> is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id*. at 842.  Based on the foregoing, Plaintiff's claim that his Eighth Amendment rights were violated survives threshold review and should not be dismissed at this time.

### C. Retaliation Claims for Deliberate Indifference to Grievances and Transfer into Unit 5

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d

267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). In his complaint, Plaintiff

asserts that the filing of grievances was a "motivating factor" for the alleged retaliatory acts.

*Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Whether "a person of ordinary firmness,"

*Id.* at 552, would be deterred from filing  grievances solely because prior grievances had been

unanswered is an unresolved question.  Even if staff members do not respond to an inmate's

grievances, inmates have sufficient incentive to keep  filing them because exhaustion of

administrative remedies is required before an inmate can bring an action in the courts.  *See* 42

U.S.C. § 1997e(a).  Wheeler, however, also asserts that he was transferred into Cell Unit 5 as

retaliation for filing his grievances.  A transfer into a insect infested and dirty cell arguably

might cause a person of ordinary firmness to stop filing grievances.  Consequently, Plaintiff's

retaliation claim should not be dismissed at this time.

### D. Appointment of Counsel

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 2).  There is

no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th

Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).  When presented with a request to

appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a

reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given

the difficulty of the case, does the plaintiff appear competent to litigate it himself."  *Pruitt v.

Mote*, 503 F.3d647, 854-55 (7th Cir. 2007).  With regard to the first step of the inquiry, exhibits

attached to the complaint indicate that  Plaintiff has attempted to obtain counsel, but has not been

successful in his efforts.

With regard to the second step of the inquiry,"the difficulty of the case is considered

against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex. Plaintiff contends that the he was housed in a insect-infested and dirty cell. He also claims that adverse actions were taken against him for his "jailhouse lawyer" activities. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED**, without prejudice.

## DISPOSITION

IT IS HEREBY ORDERED that Plaintiff's Due Process claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that the dismissal of this claim will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 2) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **Merchant, James, Sutton, Fernandez, Bradley, Crow, Kisro, Owens, and Hartmann** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff  ## USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants

**Merchant, James, Sutton, Fernandez, Bradley, Crow, Kisro, Owens, and Hartmann**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Merchant, James, Sutton, Fernandez, Bradley, Crow, Kisro, Owens, and Hartmann** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

9

requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party

informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

   If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

   **IT IS SO ORDERED.**

   **DATED this 21st day of September, 2009.**


                              **s/ Michael J. Reagan**
                              **MICHAEL J. REAGAN**
                              **United States District Judge**

11