IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAY MERCHANT, GREGORY A. JAMES, | ) | Case Number: 09-cv-00114-MJR-DGW |
| RICK D. SUTTON, FREDERICO | ) | |
| FERNANDEZ, JASON C. BRADLY, | ) | |
| CHRISTEL CROW, TERESA KISRO, | ) | |
| SERGEANT OWENS, MARK HARTMAN | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**Wilkerson, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on Defendants Gregory James, Rick D. Sutton, Frederico Fernandez, Jason Bradley, Christel Crow, Teresa Kisro, and Mark Hartman's Motion[1] for Summary Judgment (Doc 31). For the reasons discussed below, it is **RECOMMENDED** that Defendants' Motion **BE DENIED.**

**FINDINGS OF FACT**

At issue in Plaintiff Anthony Wheeler's two-count complaint against Defendants is Pinckneyville Correctional Center's ("PCC") cell number 5C69 ("Unit 5"), in which Wheeler was incarcerated for 90 days. Wheeler's dispute with Defendants began in June of 2008, when he was cited for violating various prison rules and placed into segregation. Wheeler was

---

[1] Defendants Jay Merchant and Sergeant Owens did not join the other defendants in filing this motion. This motion was filed before Jay Merchant was served with process. *See* Doc. 41. To date, Defendant Owens has not yet been served (Docs. 29, 33).

1

eventually placed in punitive segregation and transferred "Unit 5," a cell which, according to Wheeler, had feces on its walls and was also infested with insects (Doc. 10). In Count I of his Complaint, Wheeler contends Defendants' decision to place him in "Unit 5" violated the Eighth Amendment. *Id.* Count II of Wheeler's complaint is a retaliation claim — Wheeler maintains the *reason* Defendants placed him into "Unit 5" was because he filed grievances in which he complained about the temperature in his first segregation cell and because he is considered to be a "jailhouse lawyer" (Doc. 10, Count II).

Before filing this lawsuit, Wheeler submitted two grievances about "Unit 5" to PCC officials. *See* Doc. 31-1, Exhibits B, C. The grievances, which are dated July 30, 2008, and September 5, 2008, describe the cell's filthy conditions; however, neither grievance identifies any defendant Wheeler believes is responsible for placing him into the cell. *Id.* Wheeler requested that the prison clean and exterminate Unit 5, make cleaning supplies available, and require staff to make their rounds to address maintenance issues. *Id.* The prison denied Wheeler's grievances. *See id.* But PCC officials also transferred Wheeler out of "Unit 5 and changed the cleaning schedule after discovering that Unit 5 was poorly maintained. *Id.* Wheeler then appealed the prison's decisions to the Administrative Review Board ("ARB"), which found that Wheeler's complaints about Unit 5 were "moot" because PCC officials transferred Wheeler out of Unit 5 and changed the cleaning schedule to address the maintenance problems (Doc. 31-1, p. 7).

Defendants now maintain they are entitled to summary judgment on both of Wheeler's claims because he failed to exhaust his administrative remedies. *See* Doc. 31. They acknowledge Wheeler properly appealed the prison's decision regarding "Unit 5" to the Administrative Review Board; but argue he failed to exhaust his administrative remedies for his

Eighth Amendment claim because his grievances did not say which Defendants placed him in that cell. *Id.* Defendants chose not to discuss Plaintiff's retaliation claim (Count II) in their motion. *Id.* The remaining arguments in their motion concern Wheeler's complaints about receiving disciplinary tickets in June of 2008. *Id.* However, any complaints Wheeler had about receiving those tickets is not at issue in this case. *See* **Doc. 10.**

On June 10, 2010, the undersigned held a hearing in accordance with ***Pavey v. Conley,*** **544 F.3d 739 (7 th Cir. 2008).** With respect to Plaintiff's Eighth Amendment claim (Count I), Defendants repeated their argument noted above, maintaining Wheeler was required to name the people who placed him in "Unit 5" on his grievance. *See* **20 Illinois Administrative Cod e 504.810(a)(b);** (Doc. 50). Wheeler then advised the Court that defendant James was the defendant who was responsible for placing him into "Unit 5" (Doc. 50). Defendants failed to raise Plaintiff's retaliation claim (Count II) at all in their motion, and consequently failed to produce any evidence to support their claim that Plaintiff failed to exhaust his administrative remedies for Count II. *See* Doc. 31; Doc. 50, pp.15-18.

## CONCLUSIONS OF LAW

Summary Judgment is proper "if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." ***Wragg v. Village of Thornton,*** **604 F.3d 464, 467 (7th Cir. 2010).** The Court must construe all facts in light most favorable to Wheeler, as the non-moving party, and draw all reasonable inferences in his favor. ***Ogden v. Atterholt,*** **606 F.3d 355, 358 (7th Cir. 2010).**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action shall

be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted.*" *Id.* **(emphasis added).**

As an inmate confined within the Illinois Department of Corrections, Wheeler was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. 20 Ill. Administrative Code §504.800 *et seq.* The grievance procedures first require inmates to speak with their counselor about their complaint. 20 Illinois Administrative Code § 504.810(a). Then, if the counselor does not resolve the issue, the inmate file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Illinois Administrative Code 504.810(a)(b ).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer . . . [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." 20 Ill. Administrative Code §504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB").

With respect to Count I, the undersigned concludes the *procedural posture* of this case requires a recommendation that Defendants' Motion For Summary Judgment on Wheeler's

4

Eighth Amended Claim (Doc. 1) be denied. Although the grievance procedures required Wheeler to identify defendant James as the person who was responsible for placing him in Unit 5, the prison's decision to provide Wheeler with the relief he requested shows there is a genuine issue of material fact regarding exhaustion. "Prisoners must follow state rules about the time and content of grievances." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004) (citing *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002)); *Strong v. David,* 297 F.3d 646, 659-650 (7th Cir. 2002). But when a grievance is "resolved on the merits" despite an inmate's failure to strictly adhere to the rules, "the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *See Rausch,* 375 F.3d at 524 (finding that inmate exhausted his administrative remedies despite filing an untimely grievance when "state accepted and denied the grievance on the merits."); *Thornton v. Snyder,* 428 F.3d 690, 695-96 (7th Cir. 2005) (reversing district court's decision in favor of prison officials when inmate had received the relief he requested in his grievances) (*quoting Ross v. County of Bernalillo,* 365 F.3d 1181 (10th Cir. 2004) ("Once a prisoner has won all the relief that is available under the administrative procedures, his administrative remedies are exhausted)). *See also Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (the "exhaustion requirement is designed to alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation"). Notwithstanding Wheeler's deficient grievances, PCC took corrective action by transferring him out of Unit 5 and by addressing the maintenance problems it acknowledged existed in that cell. Moreover, neither the ARB nor PCC prison officials denied Wheeler's grievances because they failed to contain any names. Construing all reasonable inferences in Wheeler's favor, the undersigned concludes summary

judgment is improper in this instance since PCC officials ultimately addressed the merits of his claim. *Rausch,* **375 F.3d at 524.**

The Court additionally finds that summary judgment is improper on Wheeler's retaliation claim (Count II). As noted above, Defendants chose not to make any argument in their motion regarding Wheeler's retaliation claim. It is Defendants' burden to show Wheeler failed to exhaust his administrative remedies— it is not Wheeler's responsibility to show that he has. *Westefer v. Snyder,* **422 F.3d 570, 577 (7 th Cir 2005).** Consequently, the undersigned finds summary judgment against Wheeler is not warranted for his retaliation claim.

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 31) be **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  July 12, 2010**