IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WHEELER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 09-cv-0114-MJR |
| | ) |
| JAY MERCHANT, GREGORY A. JAMES, | ) |
| RICK D. SUTTON, FREDERICO | ) |
| FERNANDEZ, JASON C. BRADLEY, | ) |
| CHRISTEL CROW, TERESA KISRO, | ) |
| SERGEANT OWENS and MARK | ) |
| HARTMAN, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

In February 2009, Anthony Wheeler, an inmate incarcerated at Pinckneyville Correctional Center in Pinckneyville, Illinois, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Liberally construed, Wheeler's complaint alleges three claims: 1) that his Fourteenth Amendment right to Due Process was violated when Defendants chose to deliberately ignore his complaints; 2) that Defendants violated his Eighth Amendment right to not be subjected to cruel and unusual punishment by placing him in a hot, dirty cell; and 3) that Defendants retaliated against him by ignoring his grievances and subjecting him to the conditions of Unit 5 in order to prevent him from seeking further redress in the future. On preliminary review, the Court dismissed

Wheeler's claim that Defendants had ignored his grievances but found that he had stated a claim as to his allegations of cruel and unusual punishment and retaliation (Doc. 10).

In answering the complaint, Defendants, Merchant, James, Sutton, Fernandez, Bradley, Crow, Kisro and Hartman, raised the affirmative defense that Wheeler failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). (Docs. 30, 42).[1] As a result, United States Magistrate Judge Donald G. Wilkerson set this matter for a hearing, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and limited pre-hearing discovery to the issue of exhaustion of administrative remedies (Doc. 45). On December 4, 2009, James, Sutton, Fernandez, Bradley, Crow, Kisro and Hartman moved for summary judgment on the issue of violation Wheeler's right to not be subjected to cruel and unusual punishment, asserting that Wheeler had not exhausted his remedies as to any Defendant. On May 20, 2010, Judge Wilkerson conducted a *Pavey* hearing and took the matter under advisement.

On July 20, 2010, Judge Wilkerson submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that Defendants' summary judgment motion be denied in its entirety (Doc. 51). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. Defendants filed a timely objection (Doc. 59).

---

[1] The Court notes that Defendants, James, Sutton, Fernandez, Bradley, Crow, Kisro and Hartman, answered Wheeler's amended complaint on November 30, 2009 (Doc. 30). Defendant Merchant answered on February 26, 2010. From the record, it appears that the Illinois Department of Corrections is unable to locate Sergeant Owens, and he has not been served (Doc. 29).

2

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999).**

## II. Standard for summary judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. *Vukadinovich v. Board of Sch. Trs. of North Newton Sch. Corp.*, **278 F.3d 693, 698-99 (7th Cir. 2002).**

The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby*, **477 U.S. 242, 247 (1986);** *Salvadori v. Franklin Sch. Dist.*, **293 F.3d 989, 996 (7th Cir. 2002).** Rather, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence or affirmative defenses in rebuttal. *Vukadinovich*, **278 F.3d at 699.**

## III. Analysis

With respect to the issue of exhaustion of remedies, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as

3

are available are exhausted. **42 U.S.C. § 1997e(a)**.

In *Perez v. Wisconsin Department of Corrections,* **182 F.3d 532 (7th Cir. 1999)**, the Court of Appeals for the Seventh Circuit held that exhaustion of administrative remedies, while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy and regardless of notions of judicial economy. *Perez*, **182 F.3d at 537**. Exhaustion means that the prisoner has "complete[d] the administrative process by following the rules the state has established for that process." *Pozo v. McCaughtry,* **286 F.3d 1022, 1023 (7th Cir. 2002).** "Any other approach ... would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem - or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner." *Id.* **at 1023-24.** "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman,* **196 F.3d 727, 735 (7th Cir. 2000)**.

The grievance procedures applicable to the Illinois Department of Corrections are set forth in **20 Ill. Admin. Code §§ 504.800-504.850**. To be fully exhausted, a grievance must be pursued through the institutional system and ultimately be denied by the Administrative Review Board ("ARB"). *Id.* The grievance procedure requires an inmate to provide "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is

4

otherwise involved in the complaint. **§ 504.810(b)**. If an inmate does not know the name of an individual, he must include as much descriptive information about the individual as possible. *Id*.

In Defendants' objections to the Report, they acknowledge that Wheeler completed the grievance process as to his Eighth Amendment claim by submitting grievances on July 30, 2008, and September 5, 2008. They contend, however, that the grievances failed to name any Defendant and that, as a result, Wheeler did not complete the process as to any Defendant.

Defendants' objections do not address the Report's chief basis for recommending denial of their motion for summary judgment: although Wheeler did not name any Defendant in his grievances, the prison's decision to provide him with the relief requested shows that there is a genuine issue of material fact regarding exhaustion. The undersigned Judge finds particularly instructive the Report's citation to ***Riccardo v. Rausch*, 375 F.3d 521 (7th Cir. 2004)**. In *Riccardo*, the Court of Appeals explained,

> Prisoners must follow state rules about the time and content of grievances. See *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002); *Strong v. David,* 297 F.3d 646 (7th Cir. 2002). Failure to do this means failure to use (and thus to exhaust) available remedies. Yet the state's administrative apparatus did not reject Riccardo's grievance as untimely; it accepted and denied the grievance on the merits.... The official handling the grievance must have found good cause; anyway, we held in *Pozo* that, when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action. 286 F.3d at 1025.
> ***Riccardo,* 375 F.3d at 523-24**.

Wheeler's failure to name the Defendants is a matter of content rather than

5

timing of the grievances filed, but the outcome does not differ.  Wheeler's grievance was not rejected as lacking essential information but was accepted and granted on the merits. When Wheeler received all the relief available, his administrative remedies were exhausted.  *See Thornton v. Snyder*, **428 F.3d 690, 695-96 (7th Cir. 2005)**.

The Court notes that Defendants add a footnote that Wheeler acknowledged at the evidentiary hearing that James is the only Defendant who was responsible for placing Wheeler in the dirty cell.  The Court finds that Defendants' submission is premature because their motion for summary judgment and the Report address exhaustion only and do not reach the merits of Wheeler's suit.

As a final matter, the Court notes that this matter is stayed pending resolution of the instant motion for summary judgment.  The motion now having been resolved, the Court lifts the stay.

## IV.  Conclusion

Having conducted *de novo* review, the Court **ADOPTS in its entirety** Judge Wilkerson's July 20, 2010, Report and Recommendation (Doc. 51) and **DENIES** Defendants' motion for summary judgment (Doc. 31).  The stay entered on July 28, 2010, is lifted, and this matter may now proceed.

**IT IS SO ORDERED.**

**DATED this 2nd day of September, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**

6